UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| IN RE: DARVOCET, DARVON AND PROPOXYPHENE PRODUCTS LIABILITY LITIGATION | ) ) ) ) | Master File No. 2: 11-md-2226-DCR<br>MDL Docket No. 2226 |
| *Gallagher v. Xanodyne Pharm., Inc., et al.,* | ) | Civil Action No. 2: 11-177-DCR |
| *Corso v. Teva Pharm. USA, Inc., et al.,* | ) | Civil Action No. 2: 11-179-DCR |
| *Babineaux v. Xanodyne Pharm., Inc., et al.,* | ) | Civil Action No. 2: 11-180-DCR |
| *Hunsucker v. Xanodyne Pharm., Inc., et al.,* | ) | Civil Action No. 2: 11-185-DCR |
| *West v. Qualitest Pharm., Inc., et al.,* | ) | Civil Action No. 2: 11-186-DCR |
| *Lambert v. Xanodyne Pharm., Inc., et al.,* | ) | Civil Action No. 2: 11-188-DCR |
| *Kellehar v. Xanodyne Pharm., Inc., et al.,* | ) | Civil Action No. 2: 11-191-DCR |
| *Coney v. Xanodyne Pharm., et al.,* | ) | Civil Action No. 2: 11-197-DCR |
| *Daugherty v. Xanodyne Pharm., Inc., et al.,* | ) | Civil Action No. 2: 11-204-DCR |
| *Simpson v. Qualitest Pharm., Inc., et al.,* | ) | Civil Action No. 2: 11-210-DCR |
| *Lynch v. Xanodyne Pharm., Inc., et al.,* | ) | Civil Action No. 2: 11-213-DCR |
| *Juergens v. Xanodyne Pharm., Inc., et al.,* | ) | Civil Action No. 2: 11-215-DCR |
| *Turner v. Watson Pharm. (NJ), Inc., et al.,* | ) | Civil Action No. 2: 11-221-DCR |
| *Dickerson v. Eli Lilly & Company, et al.,* | ) | Civil Action No. 2: 11-295-DCR |
| *Sandel v. Eli Lilly & Company, et al.,* | ) | Civil Action No. 2: 11-325-DCR |
| *DeVine v. Eli Lilly & Company, et al.,* | ) | Civil Action No. 2: 11-327-DCR |
| *Hollins v. Eli Lilly & Company, et al.,* | ) | Civil Action No. 2: 11-332-DCR |
| *Brookins v. Eli Lilly & Company, et al.,* | ) | Civil Action No. 2: 11-337-DCR |
| *Hawthorne v. Eli Lilly & Company, et al.,* | ) | Civil Action No. 2: 11-346-DCR |
| *Holland v. Eli Lilly & Company, et al.,* | ) | Civil Action No. 2: 11-348-DCR |
| *Jones v. Eli Lilly & Company, et al.,* | ) | Civil Action No. 2: 11-349-DCR |
| *McAlpine v. Eli Lilly & Company, et al.,* | ) | Civil Action No. 2: 11-351-DCR |
| *Parker v. Eli Lilly & Company, et al.,* | ) | Civil Action No. 2: 11-353-DCR |
| *Aaron v. Eli Lilly & Company, et al.,* | ) | Civil Action No. 2: 11-354-DCR |
| *Wagers v. Eli Lilly & Company, et al.,* | ) | Civil Action No. 2: 11-355-DCR |
| *Aga v. Eli Lilly & Company, et al.,* | ) | Civil Action No. 2: 11-356-DCR |
| *Anderson v. Eli Lilly & Company, et al.,* | ) | Civil Action No. 2: 11-363-DCR |
| *Reynolds v. Eli Lilly & Company, et al.,* | ) | Civil Action No. 2: 11-368-DCR |
| *S. Wilson v. Eli Lilly & Company, et al.,* | ) | Civil Action No. 2: 11-369-DCR |
| *Marler v. Eli Lilly & Company, et al.,* | ) | Civil Action No. 2: 11-375-DCR |
| *Salard v. Eli Lilly & Company, et al.,* | ) | Civil Action No. 2: 11-376-DCR |
| *T. Wilson v. Eli Lilly & Company, et al.,* | ) | Civil Action No. 2: 11-377-DCR |
| *Boyd v. Eli Lilly & Company, et al.,* | ) | Civil Action No. 2: 11-381-DCR |

| | | |
|---|---|---|
| *Combs v. Eli Lilly & Company, et al.,* | ) | Civil Action No. 2: 11-394-DCR |
| *Hines v. Eli Lilly & Company, et al.,* | ) | Civil Action No. 2: 11-396-DCR |
| *Olivier v. Eli Lilly & Company, et al.,* | ) | Civil Action No. 2: 11-401-DCR |
| *Marsalis v. Eli Lilly & Company, et al.,* | ) | Civil Action No. 2: 12-032-DCR |
| *High v. Eli Lilly & Company, et al.,* | ) | Civil Action No. 2: 12-041-DCR |
| *Bell v. Eli Lilly & Company, et al.,* | ) | Civil Action No. 2: 12-042-DCR |
| *Ayling v. Eli Lilly & Company, et al.,* | ) | Civil Action No. 2: 12-043-DCR |
| *Lopez v. Eli Lilly & Company, et al.,* | ) | Civil Action No. 2: 12-046-DCR |
| *Wilson v. Eli Lilly & Company, et al.,* | ) | Civil Action No. 2: 12-047-DCR |
| *Vance v. Eli Lilly & Company, et al.,* | ) | Civil Action No. 2: 12-048-DCR |
| *Sinkler v. Eli Lilly & Company, et al.,* | ) | Civil Action No. 2: 12-049-DCR |
| *Chavez v. Eli Lilly & Company, et al.,* | ) | Civil Action No. 2: 12-062-DCR |
| *Fisher-Smith v. Eli Lilly & Company, et al.,* | ) | Civil Action No. 2: 12-064-DCR |
| *Linville v. Eli Lilly & Company, et al.,* | ) | Civil Action No. 2: 12-065-DCR |
| *Marston v. Eli Lilly & Company, et al.,* | ) | Civil Action No. 2: 12-066-DCR |
| *Jacob v. Eli Lilly & Company, et al.,* | ) | Civil Action No. 2: 12-150-DCR |

\*\*\*   \*\*\*   \*\*\*   \*\*\*   \*\*\*

**MEMORANDUM OPINION AND ORDER REGARDING MOTIONS OF DEFENDANTS AAIPHARMA, LLC, AAIPHARMA, INC., AAIPHARMA DEVELOPMENT SERVICES, INC. AND NEOSAN PHARMACEUTICALS, INC. FOR JUDGMENT ON THE PLEADINGS**

\*\*\*   \*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendants AAIPharma LLC, AAIPharma Inc., AAIPharma Development Services Inc., and NeoSan Pharmaceuticals, Inc. (collectively, "AAI Defendants") have filed motions for judgment on the pleadings in 50 cases.[1] [MDL Record No. 2211] The AAI Defendants contend that the claims asserted against them by residents of Arizona, Florida, Kentucky, Louisiana, Massachusetts, Michigan, Mississippi, New Jersey, New York, North Carolina, Ohio, Oklahoma,

---

1   The motion was previously granted in *Zickefoose, et al., v. Eli Lilly and Company, et al.*, Civil Action No. 2: 11-347-DCR. [MDL Record No. 2231] Additionally, the AAI Defendants have filed a second motion for judgment on the pleadings in *Lopez, et al., v. Eli Lilly and Company*, Civil Action No. 2: 12-46-DCR. [MDL Record No. 2227]

Pennsylvania, South Carolina, Tennessee, Texas, and West Virginia are deficient and should be dismissed for reasons outlined in the Court's earlier opinions. That is, the AAI Defendants seek dismissal of the claims asserted by the plaintiffs in the above-captioned actions because they have failed to allege the ingestion of a propoxyphene product manufactured or sold by the AAI Defendants. Having fully considered this matter, the Court concludes that a reply from the defendants is not needed. For the reasons explained below, the Court will grant the AAI Defendants' motions in all of the above-captioned cases except *Lopez v. Eli Lilly and Company, et al.*, Civil Action No. 2: 12-046-DCR, in which the motion will be granted in part.[2]

## I.

As explained previously, the analysis is the same for motions brought under Rule 12(b)(6) and Rule 12(c). [MDL Record No. 1402, p. 4 (citing *Equal Emp't Opportunity Comm'n v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001))] When evaluating a motion to dismiss under Rule 12(b)(6), the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). It requires "more than a sheer possibility that a defendant has

---

2  The plaintiffs' complaints contain several counts against the companies identified as "Brand Defendants," including the following: strict liability design defect; strict liability for defect due to inadequate warning; negligent design; negligence; negligent failure to warn; fraudulent nondisclosure; negligent misrepresentation; fraudulent misrepresentation; statutory negligence; breach of express warranty; and breach of implied warranty. [*See, e.g.*, Civil Action No. 2: 12-41, Record No. 1, Counts I through XI.] The plaintiffs identify the AAI Defendants as Brand Defendants. [*See, e.g.*, Civil Action No. 2: 11-349, Record No. 1, pp. 12-13 ¶¶ 2-6.]

acted unlawfully." *Id.* Thus, although the complaint need not contain "detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks and alteration omitted).

## II.

The AAI Defendants argue that the complaints in the above-captioned actions cannot survive the motions for judgment on the pleadings because the plaintiffs do not allege that they ingested drugs manufactured, sold, or distributed by AAIPharma LLC, AAIPharma Inc., AAIPharma Development Services Inc., or NeoSan Pharmaceuticals, Inc. With regard to each state implicated by the AAI Defendants' motions, the Court has previously determined that it is a general principle of products-liability law that a plaintiff must allege sufficient facts to allow the reasonable inference that the injury-causing product was sold, manufactured, or distributed by the defendant. [*See* MDL Record No. 1274, p. 5 n.2; MDL Record No. 1402, p. 5 n.5; MDL Record No. 2150, p. 5; MDL Record No. 2184, pp. 8-13] With the exception of the plaintiff in *Lopez*, the plaintiffs do not dispute that they have failed to allege the ingestion of an AAI Defendant product. Instead, they incorporate by reference arguments already rejected by the Court.[3] [MDL Record No. 2244, p. 2; *see* MDL Record Nos. 908, 909, 914, 1707, 1951] Thus, the Court will dismiss the plaintiffs' products-liability claims against the AAI Defendants. And

---

3   The plaintiffs also argue that the motions should be held in abeyance for the plaintiffs from Michigan, Ohio, Oklahoma, and South Carolina pending certification to the highest courts of those states. [MDL Record No. 2244, p. 2] The Court has previously denied the plaintiffs' motions to certify. As a result, this argument is moot. [*See* MDL Record No. 2246]

because this Court has previously concluded that the AAI Defendants owe no duty to any plaintiff who does not allege the ingestion of an AAI product, the related negligence and other claims asserted in this action will also be dismissed.[4] [MDL Record No. 2150, pp. 5-9]

The plaintiffs in *Lopez*, however, do specifically allege the ingestion of a propoxyphene product manufactured by the AAI Defendants. The Amended Complaint in *Lopez* asserts that Plaintiff Mark Lopez ingested "[t]hree prescriptions for Darvocet N-100 from Olden Pharmacy, which lists the manufacturers as AAI Pharma, LLC, with a NDC of 66591-0641-41 from August 2005 to October 2006." [MDL Record No. 2186, p. 2 ¶ 8(c)] These alleged ingestion dates occurred after the AAI Defendants transferred the New Drug Application ("NDA") for Darvocet to Xanodyne Pharmaceuticals. [*See* MDL Record No. 2150, pp. 3-4 n.5; *see also* MDL Record No. 2227-1, p. 4.] Because the AAI Defendants did not have the power to change the label after May 2005, Lopez's failure-to-warn claims against the AAI Defendants are preempted under *PLIVA, Inc. v. Mensing*, 131 S. Ct. 2567 (2011). [*Cf.* MDL Record No. 2054, p. 6] However, Lopez's other product-liability claims — design defect, negligent design, and negligence — will not be dismissed because the plaintiff has adequately identified AAIPharma, LLC as the manufacturer of the product he ingested.

The Court has previously dismissed the claims against the AAI Defendants in cases where the plaintiffs failed to allege the ingestion of a drug manufactured, sold, or distributed by one or more of the AAI entities. [MDL Record No. 2150, p. 10] However, the Amended Complaint in *Lopez* clearly alleges the ingestion of an AAIPharma, LLC product. The fact that

---

4    Because claims for wrongful death and loss of consortium are derivative of the other claims asserted against the AAI Defendants, the Court will also dismiss those counts of the plaintiffs' complaints.

the AAI Defendants sold the NDA for Darvocet before Lopez's dates of ingestion is not relevant. The transfer of the NDA for a drug product does not completely insulate the drug's manufacturer from liability to a consumer who later ingests a drug that was produced and sold before the divestiture. It stands to reason that — rather than throw away its entire stock of a certain medication simply because the original manufacturer sold the NDA to another company — a pharmacy will dispense the old, but not-yet-expired, supply of the drug to its customers. Thus, there will be a period of time after divestiture when the transferor-company's drugs will still be available on the market. The AAI Defendants have not pointed to any case, statute, or principle of products-liability law that would shield them from liability for a propoxyphene product that they manufactured and sold just because that product was not ingested until after the NDA transfer. [*See* MDL Record No. 2227-1, p. 4]

Lopez has provided specific information supporting his claim of ingestion of a drug manufactured and sold by AAIPharma, LLC. This is sufficient to allow the Court to reasonably infer that the AAI Defendants' product at least contributed to his alleged injuries. Lopez has pleaded "sufficient factual matter, accepted as true," to show more than a "sheer possibility" that the AAI Defendants are liable for his injury. *Iqbal*, 556 U.S. at 678. The Court will not dismiss the *Lopez* plaintiffs' negligence, design defect, or loss of consortium claims.

However, the Court will dismiss the misrepresentation claims asserted by all of the plaintiffs.[5] In *Foster v. American Home Products Corp.*, 29 F.3d 165 (4th Cir. 1994), the Fourth

---

5   This includes the plaintiffs in *Lopez*, because the court has previously concluded that misrepresentation, fraud, warranty, and statutory negligence claims "challenge label content." [MDL Record No. 1305, p. 11] The AAI Defendants cannot be held liable for a label that they were powerless to change on the alleged ingestion dates. [*See* MDL Record No. 1305, pp. 11-13.]

Circuit rejected "the contention that a name brand manufacturer's statements regarding its drug can serve as the basis for liability for injuries caused by another manufacturer's drug." *Id.* at 170. And, with the notable exception of California, the majority of courts that have addressed similar claims have followed the Fourth Circuit's lead. Thus, the Court previously has found unpersuasive the plaintiffs' argument that a manufacturer of Darvon or Darvocet may be held liable under a misrepresentation theory of liability to a plaintiff who ingested generic propoxyphene. [*See* MDL Record Nos. 1274, 1402, 2184.]

Finally, the plaintiffs assert that records are being gathered in seven cases which should confirm whether the AAI Defendants manufactured the products allegedly ingested.[6] They argue that it would be unjust to summarily dismiss their claims with prejudice if records subsequently reveal that some of the plaintiffs in these cases did, in fact, ingest a product manufactured by one or more of the AAI Defendants. Thus, they request an abeyance — or, in the alternative, dismissal without prejudice — in these cases. Pursuant to the Agreed Order entered on May 4, 2012 [MDL Record No. 1792], the plaintiffs in each of the above-captioned cases were given an opportunity to amend their complaints, but the plaintiffs chose not to do so. Because the time to amend has now passed, dismissal with prejudice is proper in these actions.

**III.**

---

6   The cases in which this activity is being undertaken include: *DeVine v. Eli Lilly and Company, et al.*, Civil Action No. 2: 11-327-DCR; *Brookins v. Eli Lilly and Company, et al.*, Civil Action No. 2: 11-337-DCR; *Jones v. Eli Lilly and Company, et al.*, Civil Action No. 2: 11-349-DCR; *Aaron v. Eli Lilly and Company, et al.*, Civil Action No. 2: 11-354-DCR; *Aga v. Eli Lilly and Company, et al.*, Civil Action No. 2: 11-356-DCR; *Olivier v. Eli Lilly and Company, et al.*, Civil Action No. 2: 11-401-DCR; and *Sinkler v. Eli Lilly and Company, et al.*, Civil Action No. 2: 12-049-DCR.

The plaintiffs subject to these motions — with the exception of the *Lopez* plaintiffs — have failed to sufficiently allege the ingestion of a propoxyphene product manufactured or sold by any of the AAI Defendants. [*See* MDL Record No. 2211-1, pp. 17-31] Accordingly, and for the reasons outlined in the Memorandum Opinion and Order entered on August 21, 2012 [MDL Record No. 2150], it is hereby

**ORDERED** as follows:

1. Defendants AAIPharma, LLC; AAIPharma, Inc.; AAIPharma Development Services, Inc.; and NeoSan Pharmaceuticals, Inc.'s Motions for Judgment on the Pleadings [MDL Record No. 2211] are **GRANTED** with respect to the claims asserted by the following plaintiffs in the above-captioned cases:

   a. Civil Action No. 2: 11-177-DCR, Plaintiff Linda Gallagher, individually and on behalf of all others similarly situated;

   b. Civil Action No. 2: 11-179-DCR, Plaintiffs Patricia Corso and John Corso;

   c. Civil Action No. 2: 11-180-DCR, Plaintiff Gloria Babineaux;

   d. Civil Action No. 2: 11-185-DCR, Plaintiff Elizabeth Hunsucker;

   e. Civil Action No. 2: 11-186-DCR, Plaintiff Carolyn West, individually and as next of kin and personal representative of the Estate of Opal Mae Hudgins;

   f. Civil Action No. 2: 11-188-DCR, Plaintiffs Billy Lambert, Gladys Delaune, and Margaret Segraves;

   g. Civil Action No. 2: 11-191-DCR, Plaintiff Mary Ann Kellehar, individually, as surviving spouse of Cornelius Kellehar, and on behalf of the Estate of Cornelius Kellehar;

h.     Civil Action No. 2: 11-197-DCR, Plaintiff Walter D. Coney, individually and as personal representative of the Estate of Alverna C. Whitter;

i.     Civil Action No. 2: 11-204-DCR, Plaintiffs James Daugherty and Doris Daugherty;

j.     Civil Action No. 2: 11-210-DCR, Plaintiff Joseph Simpson, individually and as Personal Representative on behalf of the Estate of Joseph Daniel Simpson III;

k.     Civil Action No. 2: 11-213-DCR, Plaintiff David Lynch;

l.     Civil Action No. 2: 11-215-DCR, Plaintiff Marshall Juergens;

m.     Civil Action No. 2: 11-221-DCR, Plaintiffs David C. Turner and Judy Earnestine Turner;

n.     Civil Action No. 2: 11-295-DCR, Plaintiff Diane Dickerson, individually and on behalf of all wrongful death beneficiaries of Gary Dickerson and on behalf of the Estate of Gary Dickerson;

o.     Civil Action No. 2: 11-325-DCR, Plaintiff Jimmie Louise Sandel;

p.     Civil Action No. 2: 11-327-DCR, Plaintiffs Geneva DeVine, James H. DeVine, Patrick Garrett, Paul Morefield, Rose E. Morefield, Morsie Pearson-Wright, Chris Puckett, Shirley Smith, and Glen Smith;

q.     Civil Action No. 2: 11-332-DCR, Plaintiff Alfonzia Hollins, III;

r.     Civil Action No. 2: 11-337-DCR, Plaintiffs Kenneth Brookins and Rex Gibson;

s.     Civil Action No. 2: 11-346-DCR, Plaintiffs Forest Hawthorne and Cindy Hawthorne;

t.     Civil Action No. 2: 11-348-DCR, Plaintiff Cathey Holland, individually and as Administrator of the Estate of Mary Taylor;

u.     Civil Action No. 2: 11-349-DCR, Plaintiffs Debby Jones; Gail Jones; Stephanie Jones; Robert Jones; Allison Juge; Larry Kastner; Rita Kastner; Ray Kendrick; Kent Charles; Catherine LeBoeuf; Mark Lee, Sr.; Belinda Lee; Ramona Lindley; Andreas Borer; Bessie Littleton; Judas Littleton;

        Charles Loftin; Betty Loftin; Cora Louque; Ridgie Louque; Linda Luquette; Bruce Luquette; Robbie Maas, Sr.; Arthur Major; Louis Malbrough; Marlene Mancuso; Geraldine Marcotte; Wilfred Marcotte; Louis Martinez, Jr.; Joyce Martinez; Renee Mataya; Armand Mataya, Sr.; Courtney Matthews; Charles Daggs, Jr.; Brenda McGee; Castadera McGee; Susan McMullen; Dorothy Mendel; Arthur Millet; Thomas Mitchell; Donna Mitchell; Eva Moffett; Mary Morales; Russell Morales; Rafael Moreno; Michael Mosley; Rose Orfanello; David Orgeron; Bonnie Orgeron; Melvina Otillio; Martha Overbay; Vivian Albert Overbay; Joanne Paige; Rhonda Parker; Julian Parker; Bernadette Patin; Lance Broussard, Sr.; Audrey Percy; Willis Percy; Mytrice Perry; Donale Petrie; Cynthia Petrie; Bobbie Sue Pierce; Larry Prestenbach; Louis Price, Sr.; Mary Price; Linda Quey; Charles Quey; Stephen Quick; Octavia Raymond; Billy Rodrigue; Marlene Rodrigue; William Romair; Kathryn Roussell; Doris Salamone; Vincent Salamone; Dianne Salvant; Mary Sapia; Michael Sapia; Janette Savoie; Jill Sawyer; Robert Schexnaydre; Jr., April Schexnaydre; Carolyn Serpas; Jack Norman Serpas; Randolph Simmons; Barbara Stelly; Joseph Stelly; Lisa Stevens; Kim Stewart; Calvin Stewart, Jr.; Sheila Stewart; James Swanner; Rosemary Swanner; John Swible, Jr.; Charlotte Swible; Patricia Talbert; Lois Tate; Alice Taylor; Dennis Tisdale; Daisy Valle; Marshall Vaughn; Marin Vaughn; George Vercher; Valerie Vercher; Michell Vogel; Veronica Washington; Lynne Wilhelm; William D. Mitchell; Edith Williams, on behalf of the Estate of Paul Williams, Sr.; Samantha Williams; Terry Williamson; Christina Woodridge; Norman Woodridge; Mary Woodward; Robert Woodward; Fred Young; Judy Young; Carol Zamjahn; Kevin Zamjahn; Bruce Zeringue; Peggy Zeringue; and Linda Tisdale;

v.    Civil Action No. 2: 11-351-DCR, Plaintiff Allise McAlpine;

w.    Civil Action No. 2: 11-353-DCR, Plaintiff Carnus Parker, Jr.;

x.    Civil Action No. 2: 11-354-DCR, Plaintiffs Jim W. Aaron, Jr.; Jimmie D. Adams, individually and as spouse of Teena Adams; Teena Adams, individually and as spouse of Jimmie D. Adams; Martin Aday, individually; Alice Aday, spouse; Aundra Alfred; Lola Ainsworth; Russell Alexander; Scott Almon; Hester I. Anderson; Dorothy Atkinson; Bennie Austin; John Bector, Jr.; Joy Marie Bell; William Bennett; Elester Bingham, individually and on behalf of Marcus Bingham, Sr., deceased; Clara Blanton; Kordia Bowman; Rebecca Brinson; Aaron Brown; Nettie Brown; Freda Capers; Barbara Carter; Rebecca Churchman; Jeanette Clarke; Earnestine Clifton; Loretta Criss; Donald Crowell, individually

and on behalf of Maxine Crowell, deceased; Connie Culbreath, individually; Gus E. Culbreath III, spouse; George Curvin, individually and as spouse of Rita Curvin; Rita Curvin, individually and as spouse of George Curvin; Johnny Davis; Jewel K. Dear; Tim Dickerson; Angela Dorsey; William E. Dykes, Jr.; James J. Ellis; Jan Ellis; Dennis Evans; Patricia Faircloth; Mary K. Fisher; Cindy Fowler; Rosie Franks; Rita Fuller; Sarah Galloway; Pamela George; Leah Glass; Deloris Gray; Virginia Greer; Martha Golman, on behalf of Judy Guillot, deceased; Stacy Harris; Von Higgins; Joe Holland; Teresa Howard, individually; Gilbert Howard, spouse; Jack Hutchison; Aaron Ingram, individually; Angie Ingram, spouse; James Jenkins; Matthew Johnson; Virgie Joiner; Clifford Jones; William Kitchens; Frances Lane; Patsy L. Lebrun; Chrisa Leonard; Adeline Loyd, individually and as spouse of Ellis Loyd; Ellis Loyd, individually and as spouse of Adeline Loyd; Mary E. Loyd; Olga McClanahan, individually and as spouse of Roger McClanahan; Roger McClanahan, individually and as spouse of Olga McClanahan; Sherry Mobley; Edith Morehead, individually; Steve Morehead, spouse; Maxine Moten; Cynthia Myles; Eddie Odom; Angela Parson; Charlotte Patterson, spouse; Phillip Patterson, individually; Christine Perkins; Narvin Petty, Jr.; Wanda Picket; Ann Piquiet; Anthony Pitts; Linda Powell; Jacqueline Price; Donna Robert, individually; Eldred B. Robert, Sr., spouse; Young A. Roberts, Jr.; Andrea H. Self, individually and as spouse of Dennis Self; Dennis Self, individually and as spouse of Andrea H. Self; William Shows; Linda Sloan; Gertha Smith; Wayne Smith; Nancy Jean Spires, individually; John Spires, Sr., spouse; Wayne Stringfellow; Linda Tannerhill, individually; William R. Tannerhill, spouse; Stephanie Taylor-Foy; Bertell Thomas; Dianne Thomas; Roberta Tiner; Lenora Upshaw; Coy G. Waldrop; Inez Walker; Larry Walker; Evelyn Warlick; John Wheeler; Fearron White; Catherine Williams; Lonnika S. Williams; Walter Williams; Dorothy Mae Windham; Jan Duke; Raymond Duke; Shirley Sasani; Christopher R. Smith; Sharon S. Smith; and Patricia Spillers;

y. Civil Action No. 2: 11-355-DCR, Plaintiff Calvin Wagers, Administrator of the Estate of Kimberly Wagers;

z. Civil Action No. 2: 11-356-DCR; Plaintiffs Nicolae Aga; Needa Alexander; Sue Aubert; Vincent Aubert; Tyra Barabino; Margaret Barnes; Linda Barrios; Ronald Barrios; Michael Becnel; Ellen Bickham; John Bickham; Jerry Boudreaux, on behalf of the Estate of Ester Boudreaux; Connie Boudreaux, on behalf of the Estate of Helen Boudreaux; Denise Boudreaux; Jeremiah Brumfield; Faye Brumfield; Phillip Burnson;

       Marilyn Burnson; Gladys Butler; Shirley Cain; Clara Calamia; Lorenzo Carreras; Elaine Carter; Shirley Case; Charles Case; Debra Chaisson; Kent Chapman; Yolanda Charles; Carolyn Christophe; Vincent Cinquigranno; Valerie Coats; Joseph Cochran; Norma S. Cochran; Gail Coleman; Wayne Collins; Laurabelle Combre; Kelly Craddock-Boone; Kent Chapman, individually and on behalf of the Estate of Wayne Couvillion; Katherine Craig; Tara Cryer; Marie Cutrer; Sam Cutrer; Margaret Daniels; Tena Danos; James Danos; Sheila Dawson; Brandon DePascal; Hilda DePascal; Carol Depew; Alice Derry; Kenneth Spikes; Jody Buckley, on behalf of Minor; Freddie Dixson; Marlene Dixson; Melissa Doyle; Debra Duhe; Michael Duhe; Peggy Duhe; Lambert Duncan, Sr.; Debra Duncan; Linda Dupre; Cynthia Dyson; Mary Edwards; Joycelyn Ernest; Anthony Faucetta, Sr.; Emma Fitch; Jasper Frabbiele; Joan Frabbiele; Delores Freeman; Kevin Galloway; Patricia Grayer; Gerry Grayer; Jacqueline Griffith; Jimmie Hannah; Anna Hardy; Rodney Harper; Michelle Harris; Joseph Harris, Jr.; Theresa Harvey; Alex Henry; Ethel Henry; William Hernandez, Jr.; Genell Hernandez; Joseph Holden; James Holloway; Lillie Mae Holloway; Melissa Homer; Wendell Homer, individually and on behalf of the Estate of Julia Homer; Anthony Hoofkin; Jane Hoover; Jesse Hoover III; Amy Houston; Holsy Hubbard III; Kathleen Hubbard; Susan Hudson; Daniel Hudson; Cloedale Hymel; Joseph Hymel, Jr.; Pearl Jackson; Cathy James-Collins; Kevin Collins; Eugene Johnson; Irene Johnson; Leonard Johnson, Jr.; Peggy Johnson; and Tracy Johnson, on behalf of the Estate of Nora Johnson;

aa.    Civil Action No. 2: 11-363-DCR, Plaintiffs William Anderson and Mary Ann Anderson;

bb.    Civil Action No. 2: 11-368-DCR, Plaintiff Kacie Reynolds;

cc.    Civil Action No. 2: 11-369-DCR, Plaintiffs Sylvia Wilson and John Wilson;

dd.    Civil Action No. 2: 11-375-DCR, Plaintiff James Marler;

ee.    Civil Action No. 2: 11-376-DCR, Plaintiff Mary Salard;

ff.    Civil Action No. 2: 11-377-DCR, Plaintiff Tracey Wilson;

gg.    Civil Action No. 2: 11-381-DCR, Plaintiffs George Boyd; Curmer Foremand; Truman Galloway; Rebecca Nevels; Michael Webb; Janet Woods; and Gennie Warren, on behalf of Girlie Warren;

    hh.    Civil Action No. 2: 11-394-DCR, Plaintiffs Paul Ray Combs and Joe Smith;

    ii.    Civil Action No. 2: 11-396-DCR, Plaintiff Gladys Hines;

    jj.    Civil Action No. 2: 11-401-DCR, Plaintiffs Archange A.J. Olivier, Jr. and Christine Olivier;

    kk.    Civil Action No. 2: 12-032-DCR, Plaintiff Keith Marsalis;

    ll.    Civil Action No. 2: 12-041-DCR, Plaintiff Lois High, individually and on behalf of the Estate of Minnie Fowler;

    mm.    Civil Action No. 2: 12-042-DCR, Plaintiff Dennis Bell;

    nn.    Civil Action No. 2: 12-043-DCR, Plaintiff Steven Ayling, Sr., and his wife, Denise Ayling;

    oo.    Civil Action No. 2: 12-047-DCR, Plaintiff Constance Wilson, individually and as Administratrix of the Estate of Thomas Wilson;

    pp.    Civil Action No. 2: 12-048-DCR, Plaintiff Barbara Vance;

    qq.    Civil Action No. 2: 12-049-DCR, Plaintiff Rose Marie Sinkler;

    rr.    Civil Action No. 2: 12-062-DCR, Plaintiff Randy Chavez;

    ss.    Civil Action No. 2: 12-064-DCR, Plaintiff Louann Fisher-Smith;

    tt.    Civil Action No. 2: 12-065-DCR, Plaintiff Paulette Linville;

    uu.    Civil Action No. 2: 12-066-DCR, Plaintiff Nora L. Marston; and

    vv.    Civil Action No. 2: 12-150-DCR, Plaintiff Donald Jacob.

2.    The claims asserted by these plaintiffs against Defendants AAIPharma, LLC, AAIPharma, Inc.; AAIPharma Development Services, Inc.; and NeoSan Pharmaceuticals, Inc. are **DISMISSED**, with prejudice.

3. With regard to *Lopez v. Eli Lilly and Company, et al.*, Civil Action No. 2: 12-046-DCR, the Motion for Judgment on the Pleadings [MDL Record No. 2211] is **GRANTED**, in part. Counts II, V, VI, VII, VIII, IX, X, XI, XIII, XIV, and XV of the *Lopez* Amended Complaint are **DISMISSED**, with prejudice. Counts I, III, IV, XII, and XVI remain pending.

4. Defendants AAIPharma, LLC; AAIPharma, Inc.; AAIPharma Development Services, Inc.; and NeoSan Pharmaceuticals, Inc.'s Motion for Judgment on the Pleadings in the action styled: *Lopez, et al., v. Eli Lilly and Company, et al.,* Civil Action No. 2: 12-046-DCR [MDL Record No. 2227] is **DENIED**.

This 10th day of October, 2012.

Signed By:
*Danny C. Reeves* DCR
United States District Judge